IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CLAYTON DOUGLAS KIRN,<br><br>Petitioner,<br>vs.<br><br>WARDEN BILLIE REICH; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 26-55-BU-DWM<br><br><br>ORDER |

This matter is before the Court on an application and exhibits in support seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state pro se prisoner Clayton Douglas Kirn ("Kirn.") (Docs. 1, 1-1, and 1-2.) Kirn alleges: (1) his four appointed attorneys provided ineffective assistance in various manners throughout pre-trial proceedings, trial, sentencing, and resentencing, (Doc. 1 at 1-4); (2) a speedy trial violation occurred in his underlying criminal case (*id.* at 1, 4-6); (3) improper jury instructions rendered his aggravated burglary conviction invalid, (*id.* at 1, 6-9); and (4) the jury consisted primarily of law enforcement and/or civil employees of the state and county, resulting in cumulative error. (*Id.* at 2, 9.)

Kirn was subsequently directed to show cause as to why the bulk of his first claim, alleging ineffective assistance of counsel, and his fourth claim, challenging the composition of the jury, should not be dismissed as procedurally defaulted. *See generally*, (Doc. 2.) Kirn timely responded. (Doc. 3.)

**Background**

The procedural history of Kirn's state and federal filings has been summarized in prior orders of the Court, *see e.g.*, (*id.* at 1-6), and will be summarized briefly below.

Following a trial in Montana's First Judicial District Court, Butte-Silver Bow County, a jury convicted Kirn of Aggravated Burglary and Obstructing a Police Officer. On appeal, Kirn's counsel alleged a violation of speedy trial and that the jury was not properly instructed. Kirn also alleged he was sentenced upon incorrect information. Upon review of his speedy trial claim, the Court determined that "the District Court's findings are not clearly erroneous, and we affirm the court's denial of Kirn's Motion to Dismiss." *State v. Kirn,* 2023 MT 98, ¶ 40, 412 Mont. 309, 530 p. 3d 1 (*Kirn II*). The Court next reviewed the jury instructions, finding that while there had been some instructional error, Kirn had not established prejudice. *Kirn II*, ¶¶ 42-54. Additionally, it was held that Kirn had not established his trial counsel was ineffective in failing to object to the jury instructions. *Id.*, ¶ 54. The matter was remanded for resentencing, with the limited directive that Kirn

be resentenced based upon accurate criminal history/sentencing information. *Id.* at ¶59.

Following remand, Kirn was resentenced in September of 2023, to a 40-year prison sentence. Through counsel, Kirn appealed. The Court dismissed the appeal on August 8, 2025, after independent examination pursuant to § 46-8-103(2), MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *See, State v. Kirn,* No. DA 23-0668, Ord. (Mont. Apr. 8, 2025)*(Kirn III).*

In June of 2025, Kirn filed his first habeas petition in this Court. He was directed to show cause as to why the matter should not be dismissed as unexhausted and/or procedurally defaulted. *See, Kirn v. Godfrey et al.*, Cause No. CV-25-59-BU-BMM, Ord. (D. Mont. July 1, 2025). While the federal matter was pending, Kirn filed a petition for postconviction relief in the state district court. The federal exhaustion requirements were explained to Kirn, and the matter was dismissed without prejudice, allowing Kirn to return to this Court if and when he fully exhausted all claims relative to his current custody. *See generally, Kirn v. Godfrey et al.*, Cause No. CV-25-59-BU-BMM, Ord. (D. Mont. Oct. 15, 2025).

In June of 2025, while Kirn was attempting to obtain federal habeas relief, he was also filing documents with the Montana Supreme Court. On June 24, 2025, Kirn petitioned the Montana Supreme Court for a writ of mandamus against the State of Montana and the Clerk of the District Court for Butte-Silver Bow County.

*Kirn v. Second Judicial District Court, No. OP 25-0404,* Ord. (Mont. Jun. 24, 2025)*(Krin IV).* Kirn sought to have the Court "compel the Second Judicial District Court to accept the Petitioner's filings, or provide a reason why said filing[s] have not been accepted." *Kirn IV*, at 1. The Court denied his writ, explaining that his motions filed with the district court were inappropriate and that Kirn could not seek relief in his closed criminal case, by relying upon the Montana Rules of Civil Procedure. *Kirn IV*, at 1-2.

On the same day, the Court denied Kirn's verified Petition for an Out-of-Time Appeal. *State v. Kirn,* No. DA 25-0416, Ord. (Mont. Jun. 24, 2025*)(Kirn V)*.

> Kirn is not entitled to another appeal. *See Kirn [II]* and *Kirn [III]*. "Unless otherwise ordered, [this Court's] dismissal of an appeal or cross-appeal is with prejudice and constitutes the final judgment of the supreme court." M. R. App. P. 19(2). Kirn appealed the District Court's judgment for his "new sentence[,]" and he has a final judgment from this Court. We conclude that Kirn has not demonstrated any extraordinary circumstances to warrant an out-of-time appeal, and the denial of his petition is not a gross miscarriage of justice.

*Kirn V*, at 2.

Following this Court's dismissal of Kirn's prior federal petition without prejudice in October of 2025, Kirn filed a "Notice of Appeal" in the Montana Supreme Court, Kirn indicated he was appealing a final judgment from the Butte-Siver Bow County District Court, entered on September 5, 2025, for the 2019 criminal case. *State v. Kirn,* No. 25-0737, Ord. (Mont. Feb. 17, 2026*)(Kirn VI).* On

January 22, 2026, the State moved to dismiss the matter, explaining that Kirn's appeal was premature because he did not appeal a final order as the postconviction case was pending in the District Court. On February 17, 2026, the Montana Supreme Court dismissed Kirn's appeal without prejudice. *Kirn VI*, at 2, stating that "Kirn may return to this Court when he receives a final judgment or order from the District Court for his petition for postconviction relief." *Kirn VI*, at 1.

Days later, Kirn returned to the Montana Supreme Court and filed a writ of mandamus. *Kirn v. Second Judicial District Court,* No. OP 26-0135, Ord. (Mont. Mar. 17, 2026)(*Kirn VII)*. He requested that the Court force the District Court to rule on his pending petition for postconviction relief that he filed in August of 2025. The Court determined:

> Kirn's Petition lacks merit because he cannot show a clear legal duty by the District Court. Section 27-26-102(1), MCA. Kirn is not entitled to a writ of mandamus, and this Court will not "force" a decision. Issuing a decision in a pending case is a discretionary act, not a legal duty. *See* §§ 46-21-201[,] and -202, MCA (these statutes guide the court's actions for its proceeding on the petition). Given Kirn's instant Petition, we do not reach the conclusion that the District Court has abused its discretion; however, this Court expects that the District Court will issue a ruling in a timely manner. Kirn has an adequate remedy at law with an appeal after he receives a final, written decision from the District Court. Section 27-26-102(2), MCA; *Smith*, ¶ 28. *See also* § 46-21-203, MCA. .

*Kirn VII*, at 2.

Kirn then filed a petition for habeas corpus relief in the Montana Supreme Court, raising the same claims he presents to this Court in the instant matter. The

Court determined that the petition lacked merit. *Kirn v. Reich,* No. OP 26-0273, 2026 WL 1471095, at 3 (Mont. May 26, 2026). The Court noted that it had considered some of Kirn's claims previously in his two appeals of his conviction and sentence and would not consider the same claims again. *Id.*, citing *Kirn II* and *Kirn III.* Kirn was precluded from bringing similar arguments via a writ of habeas corpus to challenge his convictions. *Id., citing Kirn IV*, *Kirn V*, and *Kirn VI.* Because Kirn had exhausted his remedy of appeal, he was not able to raise the issues in a writ of habeas, nor was he entitled to habeas corpus relief. *Id.*, citing Section 46-22-101(1)-(2), Mont. Code Ann. Kirn was again advised that he may seek an appeal of the district court's decision from his petition for postconviction relief but imposed prefiling requirements upon him for any additional original proceedings regarding his 2019 convictions and 2023 sentence. *Id.*

Apparently, the district court issued a Memorandum and Order denying Kirn's petition for postconviction relief on March 5, 2026. *See, Kirn v. State,* Cause No. DV-25-266, Ord. (filed March 5, 2026). As this Court previously observed, despite the directive given to Kirn, a review of the state court docket indicated that Kirn has not appealed this decision. *See*, (Doc. 2 at 6.)

**Exhaustion/Procedural Default**

As explained to Kirn in both his prior federal matter and this case, a federal court may entertain a petition for habeas relief only if the petitioner has exhausted

his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id; see also*, *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In *Kirn II,* 2023 MT 98, the Montana Supreme Court denied Kirn's speedy trial claim, *see Kirn II*, ¶¶19-40, as well as his challenge to the jury instructions. *Id*. at ¶¶53-54. There, the Court also denied a discrete ineffective assistance of counsel claim, regarding whether trial counsel provided ineffective assistance when counsel failed to object to the aggravated burglary instructions. *Id*. at ¶54. But the remainder of the subparts of the ineffective assistance of counsel claim

Kirn now alleges have never been considered by the Montana Supreme Court. Additionally, Kirn's Claim 4, challenging the composition of the jury, is wholly unexhausted.

Ordinarily unexhausted claims are dismissed. But, as set forth above, it appears Kirn has no remaining available state remedies. He elected not to appeal the denial of his postconviction petition and the Montana Supreme Court, citing state procedural rules, declined to hear the claims when presented in a petition for habeas corpus relief. If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Thus, Kirn's claims are now procedurally defaulted.

A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also, Maples v. Thomas*, 565 U.S. 266, 280 (2012). Review of a defaulted claim is also possible if a petitioner can demonstrate a "fundamental miscarriage of justice," *Coleman,* 501 U.S. at 750, *e.g.*, the conviction of "one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In response to this Court's order, Kirn does not contest the default of these claims. Instead, he suggests that the default is due to appellate counsel's

ineffective assistance. *See*, (Doc. 3 at 2.) Kirn also argues that a manifest injustice has occurred because he is actually innocent. (*Id.* at 3.) In support of this claim, Kirn argues that there were three other individuals with the first name "Clayton" who were in the vicinity of the alleged offenses and/or in custody at the Butte-Silverbow County Jail, who might have committed the offenses with which he was charged. (*Id.* at 3.) Kirn believes that trial counsel's failure to present this argument regarding the "other Claytons" to the jury is tantamount to a *Brady* violation and resulted in his wrongful conviction. (*Id.* at 3-4.)

As a preliminary matter, it appears that Kirn misapprehends the nature of a *Brady* violation. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Court held that "suppression by the prosecution of evidence favorable to an accused…violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." Kirn is not alleging that the prosecution suppressed any information, but rather that his own attorney withheld information and argument from the jury. Moreover, as discussed further below, there is no indication that this purported information was exculpatory. Thus, Kirn has not alleged a viable *Brady* violation.

Moreover, Kirn fails to provide a legitimate basis to excuse the default of the claims. While he seemingly faults appellate counsel for not raising these claims, he also argues that he attempted to present his unexhausted claims in his

postconviction petition, but that he was unable to fully do so because the district court denied the matter without holding a hearing. (Doc. 3 at 2.) Kirn then argues that he tried to present the claims in a petition for habeas corpus relief to the Montana Supreme Court, but that the Court would not hear the claims. (*Id.*) What Kirn overlooks is the fact that the default of his claims is due to his rather unconventional approach in presenting his claims. When he was unsuccessful in securing relief in his postconviction matter, instead of filing a direct appeal therefrom, he elected to file an original habeas petition.

Despite being advised by the Montana Supreme Court of the proper procedure for obtaining review of the claims by filing an appeal from the final judgment denying his petition for postconviction relief on multiple occasions, *see Kirn VI*, at 1; *see also*, *Kirn v. Reich,* No. OP 26-0273 at 3, Kirn elected not to do so. Thus, the default of the claims did not occur as a result of deficient performance by counsel, instead it was because Kirn failed to follow proper exhaustion procedures. Kirn placing the blame on counsel is unavailing and does not constitute "cause" to excuse the default. When a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, Kirn has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

A petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence of the crime and not a mere legal insufficiency. *See, Bousely v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 977, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v, Delo*, 513 U.S. 298, 324 (1995). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon v. Thomas*, 523 U.S. 538, 559 (1998); *see also, Wood v. Ryan*, 693 F.3d 1104, 1118 9th Cir. 2012)(noting that the fundamental miscarriage of justice exception is rare and only applied in extraordinary circumstances).

The information regarding one of the other "Claytons" being the perpetrator of Kirn's crimes speculative, at best. Kirn argues that during his pretrial incarceration at the Butte-Silverbow jail, he met two of the other Claytons, Clayton Cleland and Clayton Chapman. Also, at some unidentified point in this same time period, Kirn read a newspaper article about Clay Evans, who had apparently been charged with trespassing after getting drunk and passing out in someone's home.

*See*, (Doc. 1 at 11.) Kirn also argues that Clayton Cleland looks just like Kirn, except Cleland had a shaved head whereas Kirn had hair. (*Id.*)

By Kirn's own admission, however, he had this information at the time of trial and apparently attempted to have trial counsel present it to the jury, to no avail. *See*, (Doc. 3 at 3-4.) Thus, this evidence is neither new nor reliable under the *Schlup* requirements. *Schlup*, 513 U.S. at 324. Nor does Kirn's suggestion that one of three other individuals could have potentially committed the crimes show that he is factually innocent. *Bousely*, 523 U.S. at 623. Kirn's conjecture does not constitute the presentation of "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. In short, Kirn fails to satisfy the threshold requirement of establishing actual innocence in order to pass through the procedural default gateway to have the Court consider the merits of his claims.

Accordingly, the Court finds that Kirn's Claim 1, alleging ineffective assistance of counsel, aside from the subpart regarding whether trial counsel provided ineffective assistance when counsel failed to object to the aggravated burglary instructions, is procedurally defaulted without excuse, as is Claim 4. These claims will be dismissed.

//

**AEDPA/Remaining Claims**

As to the remaining claims, the procedural history set forth above demonstrates that the Montana Supreme Court did address the merits of the remaining claims on direct appeal. The Court determined that the district court's findings regarding Kirn's motion to dismiss for lack of speedy trial were not "clearly erroneous" and affirmed the lower court. *Kirn II*, 2023 MT 98, ¶ 40. The Court next found that while there had been some instructional error in the jury instructions, Kirn did not established prejudice. *Kirn II*, ¶¶ 42-54. Additionally, the Court found that Kirn failed to establish that his trial counsel was ineffective in failing to object to the jury instructions. *Id.*, ¶ 54.

Because the Montana Supreme Court addressed the merits of the claims, this Court is constrained by the applicable standard of review. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a federal habeas court may not grant relief to a state prisoner whose claim has already been "adjudicated on the merits in State court," 28 U.S.C. § 2254(d), unless the claim's adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by [this] Court," § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); *see also*, *Johnson v. Williams*, 568 U.S. 289, 292 (2013).

As a preliminary matter, Kirn has not identified the federal laws and/or constitutional provisions that he believes to have been violated relative to each claim, much less that the Montana Supreme Court unreasonably applied the federal provision pursuant to § 2254(d)(1). Similarly, he has not argued or shown that the Court made an unreasonable determination of the facts in light of the evidence presented at his trial. *See*, § 2254(d)(2). Unless Kirn can make an adequate showing under one of these prongs as to each claim, this Court must afford deference to the state court decision.

Accordingly, Kirn will be provided an opportunity to make the requisite showing under AEDPA that the Montana Supreme Court unreasonably denied his claim.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Claim 1, aside from the portion alleging counsel performed deficiently by failing to object to the jury instructions, and Claim 4 are DISMISSED with prejudice as procedurally defaulted.

2. Within **30 days**, Kirn may respond to this Order by filing a brief of no more than ten (10) pages, excluding any exhibits, addressing the AEDPA review standard as it relates to the remaining claims contained in his Petition.

2. Failure to timely respond to this Order will result in a dismissal of the matter without further notice. Should Kirn fail to respond, the Clerk of Court is directed to close this matter and enter judgment.

Kirn must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so will result in dismissal of this matter without further notice to Kirn.

DATED this 14th day of October, 2026.

Donald W. Molloy, District Judge
United States District Court